IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN W. MASSENGILL,

Plaintiff,

v.                                          CASE NO. 23-3040-JWL

PAUL SNYDER,

Defendant.

MEMORANDUM AND ORDER

Plaintiff Ryan W. Massengill, a state prisoner who is incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated in July 2022 while he was incarcerated in Winfield Correctional Facility (WCF) in Winfield, Kansas. The Court has conducted an initial review of the complaint and has identified deficiencies in the complaint, which are set forth below and which leave the complaint subject to dismissal in its entirety. The Court will allow Plaintiff the opportunity to file a complete and proper amended complaint on court-approved forms that cures those deficiencies.

I.      Nature of the Matter before the Court

Plaintiff names as defendant WCF Warden Paul Snyder. (Doc. 1, p. 1.) As the factual background for this complaint, Plaintiff alleges that on or around July 11, 2022, WCF staff began to place inmates who tested positive for COVID-19 on Floor 3 of Building B at WCF. *Id.* at 2. Plaintiff and other inmates lived on Floor 2 of the same building at that time. *Id.* Plaintiff formally asked that either the inmates on Floor 2 or the inmates on Floor 3 be removed from Building B, but that request was denied. (Doc. 1-1, p. 1.) Plaintiff also requested access to bleach and Lysol

1

and he volunteered to periodically clean, but those requests were similarly denied. *Id.* Plaintiff eventually contracted COVID-19, after which he was moved to Floor 3 for 10 days then was moved back to Floor 2 but quarantined. *Id.* at 1-2.

Count I alleges the violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.[1]  As the supporting facts for this count, Plaintiff points out Defendant's denial of his request for bleach and Lysol and his request that either the inmates on Floor 2 or the inmates on Floor 3 be moved out of Building B. (Doc. 1, p. 3.) Count II alleges the unconstitutional restraint of Plaintiff's liberty in violation of the Fifth and Fourteenth Amendments to the United States Constitution. *Id.* As the supporting facts for Count II, Plaintiff alleges that the quarantine procedures at WCF were "a useless formality" and did not follow the requirements set forth in the relevant policies and procedures. As relief, Plaintiff seeks injunctive relief compelling WCF to follow certain procedures during quarantine situations and he seeks $380,450.00 in money damages to compensate him for "lifelong health issues." *Id.* at 5.

## II.    Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49

---

[1] Count I also alleges the violation of Section 9 of the Kansas Constitution Bill of Rights. (Doc. 1, p. 3.) But "a violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Thus, the allegation that Defendant violated the Kansas Constitution is not a claim upon which Plaintiff may obtain relief in this action.

(1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

## III. Discussion

This action is subject to dismissal because it fails to state a claim on which relief can be granted in an action under 42 U.S.C. § 1983. Count I is based upon Defendant's denial of Plaintiff's request for bleach and Lysol and Defendant's ignoring Plaintiff's request to move inmates out of Building B. (Doc. 1, p. 3.) An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.

*Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). The Tenth Circuit has explained, however, that the allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show the required personal participation. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

Count II is based upon Plaintiff's belief that the quarantine did not conform to correct procedures. (Doc. 1, p. 3.) But the allegation that Defendant violated Kansas regulations or prison policies fails to state a *federal* violation such as is needed to support a plausible claim for relief under § 1983. *See West*, 487 U.S. at 48-49 ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ."). Thus, to the extent that Count II alleges a claim because the housing situation at WCF did not conform to internal prison policies and procedures, it fails to state a claim for relief.

Liberally construing the complaint, as is appropriate since Plaintiff proceeds pro se, Count II also may raise a claim that Plaintiff's liberty was unlawfully restrained by the housing situation at WCF. The United States Supreme Court has held that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). To the extent that Plaintiff's housing situation could be construed as administrative segregation of some sort, that type of segregation implicates constitutional due process only if the confinement is "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *See Sandin v. Conner*, 515 U.S. 472, 486 (1995). The complaint in this

matter does not allege facts that demonstrate this sort of atypical, significant deprivation.

Finally, the Court notes that Plaintiff's request for compensatory damages is subject to dismissal because it is barred by 42 U.S.C. § 1997e(e), which provides that "No Federal civil action may be brought by a prisoner confined in a . . . correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Although Plaintiff refers to "lifelong health issues," he has not described any physical injury that was caused by the alleged deprivations of his constitutional rights. As noted above, conclusory statements without specific factual allegations are insufficient to state a plausible claim for relief. Thus, upon the current complaint, Plaintiff's claim for money damages is subject to dismissal unless he alleges facts that show a physical injury.

## IV.   Amended Complaint Required

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. Plaintiff may not incorporate by reference an earlier pleading; the amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint.

Plaintiff must write the number of this case (23-3040) at the top of the first page of his amended complaint. He must name each defendant in the caption of the complaint and again refer to each defendant in the body of the complaint. In each count of the amended complaint, he must adequately identify the federal constitutional provision or law he believes was violated and he must

allege sufficient facts to show that each defendant personally participated in at least one of the federal constitutional violations alleged in the complaint. Plaintiff may attach additional pages to the form complaint if necessary, but he should not utilize the form complaint only to refer the Court generally to an attached memorandum. If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which may be dismissed for the reasons stated herein without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including March 22, 2023, to file a complete and proper amended complaint that cures all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 16th day of February, 2023, at Kansas City, Kansas.


S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge