IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN W. MASSENGILL,

                Plaintiff,

v.                                           CASE NO. 23-3040-JWL

PAUL SNYDER,

                Defendant.

**MEMORANDUM AND ORDER**

      Plaintiff Ryan W. Massengill, who is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 on February 13, 2023, alleging that his constitutional rights were violated in July 2022 while he was incarcerated at Winfield Correctional Facility (WCF) in Winfield, Kansas. (Doc. 1.) Plaintiff also filed a motion for leave to proceed in forma pauperis. (Doc. 2.) In the order granting leave to proceed in forma pauperis, the Court assessed an initial partial filing fee of $2.50. (Doc. 3.) Payment or any objection to the order was due March 1, 2023 and the order cautioned that "[t]he failure to pay the fee as directed may result in the dismissal of this matter without further notice." *Id.* The deadline passed two weeks ago, yet the Court has not received the initial partial filing fee.

      Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. United States*, 316 F. Appx. 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is

1

not obligated to follow any particular procedures when dismissing an action without prejudice under Rule 41(b)." *Young*, 316 F. Appx. at 771-72 (citations omitted). Plaintiff's failure to pay the initial partial filing fee as ordered leaves this matter subject to dismissal under Rule 41(b).

In addition, in an order issued February 16, 2023, the Court identified certain deficiencies in the complaint and directed Plaintiff to file a complete and proper amended complaint that cured those deficiencies. (Doc. 4.) Plaintiff has timely filed an amended complaint, in which he names Warden Snyder as the sole defendant. (Doc. 5, p. 1-2.)

As the background for the amended complaint, Plaintiff asserts that around the week of July 11, 2022, WCF began to place inmates who tested positive for COVID-19 onto Floor 3 in Building B ("B3"); Plaintiff lived on Floor 2 in the same building ("B2"). *Id.* at 2. In Plaintiff's opinion, the quarantine procedures and steps taken to prevent infection of inmates "were improper and useless," thus violating the Fifth and Eighth Amendments to the United States Constitution. *Id.*

Plaintiff also alleges that WCF did not follow the policies and procedures regarding segregation of individuals who tested positive. *Id.* at 6. He asserts that all of the inmates used the same recreation equipment and that inmates who had certain jobs were allowed to travel through B2 every day. *Id.* Plaintiff used Form-9's to "reach[] out to all staff at the 'Shift Office'" and request that WCF either move all inmates off of B2 or remove COVID-19-positive inmates from B Building altogether. *Id.* He also asked for bleach and Lysol, volunteering to clean every hour or two. *Id.* His Form-9's were ignored and his requests were denied. *Id.* Plaintiff eventually tested positive for COVID-19. *Id.* He was quarantined for 3 weeks, moved to B3 for 10 days, and then moved back to B2 while still under quarantine. *Id.* at 7.

As Count I of the amended complaint, Plaintiff alleges the violation of the Eighth

Amendment's prohibition of cruel and unusual punishment, explaining that "Paul Snyder is in charge of finalizing all decisions at WCF. People should have never been quarantined in 'B3.' I should have never been denied bleach and Lysol or [been] removed from the situation." *Id.* at 3 (capitalization normalized). As Count II of the amended complaint, Plaintiff alleges the unlawful restraint of his liberty, in violation of the Fifth and Fourteenth Amendments. *Id.* As the factual basis for Count II, Plaintiff alleges only that "[t]he quarantine procedures were a useless formality by not following quarantine protocol." *Id.* (capitalization normalized). Plaintiff's request for relief states:

> I believe from now on institutions should have better and more effective quarantine procedures with proper sanitation.
> Also I believe I should be compensated for the respiratory effects caused by COVID-19 and the possibility of death at any moment that could've been avoided along with my liberty in the amount of $380,450.00.

*Id.* at 5.

The Court has reviewed the amended complaint as required by 28 U.S.C. § 1915A(a) and (b) and finds that it suffers from the same deficiencies that left the initial complaint subject to dismissal in its entirety. First, the amended complaint fails to sufficiently allege Defendant's personal participation in the alleged constitutional violations. As explained in the Court's prior order:

> An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). The Tenth Circuit has explained, however, that the allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show the required personal participation. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); see *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

3

(Doc. 4, p. 3-4.)

Plaintiff alleges in the amended complaint that Defendant is "in charge of finalizing all decisions at WCF." (Doc. 5, p. 3.) But to be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). The allegation that Defendant denied or ignored Plaintiff's requests or grievance is not enough, nor is the broad assertion that Defendant oversees all decisions made at WCF. Thus, Plaintiff again has failed to sufficiently allege that the sole named defendant personally participated in the violations alleged in the amended complaint

The Court further notes that even if personal participation were sufficiently alleged, the amended complaint, like the initial complaint, fails to plausibly assert the violation of a right guaranteed by the Constitution or federal laws. As explained in the Court's prior order:

> "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).
>
> "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090,

4

> 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Twombly, at 550 U.S. at 570).

(Doc. 4, p. 2-3.)

In the amended complaint, Count I alleges that Plaintiff should have been provided bleach and Lysol and should not have been moved (presumably after he tested positive for COVID-19). Neither of these allegations plausibly assert that Plaintiff's Eighth Amendment rights were violated. Even liberally construing Count II of the amended complaint, it alleges that Plaintiff's quarantine impermissibly restricted Plaintiff's constitutionally protected liberty interest. The Court noted in its previous order that inmates do not have a liberty interest arising from the Due Process Clause in assignment to a particular place of confinement. *Id.* at 4. The Court has also noted that in order to demonstrate that segregation implicates constitutional due process, Plaintiff must show that "the confinement is 'the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Plaintiff has not done so.

Finally, in its previous order, the Court noted that 42 U.S.C. § 1997e(e) requires a prisoner confined in a correctional facility who wishes to bring a federal civil action to demonstrate a physical injury.[1] (Doc. 4, p. 5.) It cautioned Plaintiff that the vague reference to "lifelong health issues" in the initial complaint was insufficient because conclusory statement without specific factual allegations are not enough to state a plausible claim for relief under 42 U.S.C. § 1983. In the amended complaint, Plaintiff again fails to sufficiently allege a physical injury as required to pursue compensatory damages; his vague reference to "respiratory effects" is not specific enough.

---

[1] The statute also contemplates a showing of "the commission of a sexual act," but that portion of the statute seems inapplicable here.

5

Thus, for all of the reasons set forth above, the Court concludes that this matter must be dismissed for failure to state a plausible claim on which relief can be granted under 42 U.S.C. § 1983.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** under Fed. R. Civ. P. 41(b) and for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

DATED:  This 15th day of March, 2023, at Kansas City, Kansas.

S/John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge